

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

August 14, 2023

**Via ECF**
The Honorable District Judge Carol Bagley Amon
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:  **Almendares v. 4818 Astoria Food Corp., et al**
            Civil Docket No.: 22-cv-06465 (CBA)(MMH)

Dear Judge Amon:

    Our office represents Eduar Almendares ("Plaintiff") and we submit this motion jointly with counsel for 4818 Astoria Food Corp. d/b/a New Way Supermarket and Jorge Cepin (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following two Court-annexed mediations held on May 30, 2023 and July 6, 2023.

    The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

    **I.**    **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

        **a.**  **The Settlement Amount**

    The parties agreed to resolve all claims asserted in this action, including Plaintiff's counsel's attorneys' fees, which are addressed below, for the global amount of $120,000.00.

        **b.**  **The Parties' Positions**

    Plaintiff commenced this lawsuit alleging that he was not paid proper overtime rates of pay in violation of the Fair Labor Standards Act (FLSA) and New York Labor Laws (NYLL). Plaintiff

also alleged that he was not paid spread of hours compensation when he worked in excess of 10 hours per shift as required under the NYLL.

Plaintiff alleged that he was employed as a butcher for approximately three years at Defendants' supermarket, located at 58-14 Beach Channel, Arverne, New York 11692.

Plaintiff alleged that he regularly worked six to seven days per week and approximately 70 to 91 hours per week throughout his employment. Plaintiff alleged that he regularly worked 8 to 13 hours per shift. However, Plaintiff alleged that he was paid a flat weekly salary of $850.00 to $900.00 per week, which did not properly compensate him for approximately 20 to 41 hours of overtime per week.

Defendants contested many of Plaintiff's allegations. Defendants disputed the start date of his employment and believed that they could establish he started later than alleged in the Complaint. Defendants maintained that when Plaintiff did start working for Defendants that he was a part-time employee. Defendants also disputed the number of days worked by Plaintiff and contended he normally worked four to five days per week at most. Defendants also disputed the number of hours alleged by Plaintiff and contended he normally worked 40 hours per week at most. Defendants also believed they could establish that Plaintiff took off for extended periods of time for personal reasons and to work for other employers.

In short, the parties had many factual disputes including: 1) the dates of Plaintiff's employment, 2) the number of days worked per week by Plaintiff; 3) the number of hours worked per day and per week by Plaintiff, 4) whether Plaintiff was a full-time employee throughout his employment, 5) whether Plaintiff was employed throughout the entire period alleged, and 6) whether Plaintiff was compensated for all hours worked.

Based on the information exchanged during the mediation process, Plaintiff believed that he could establish approximately $110,000.00 in unpaid overtime wages and spread of hours compensation, not including liquidated damages and statutory penalties. Defendants maintained that Plaintiff was properly compensated for all hours worked.

However, both parties recognized the costs, risks and time associated with maintaining their positions through protracted litigation had this matter not reached an early resolution. As such, both parties agreed to settlement with the assistance of a Court-certified mediator following two mediations.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong

presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $120,000.00. The parties believe that this amount is reasonable considering Plaintiff's claims and the defenses maintained by Defendants in this matter. The parties had genuine, bona fide disputes over almost all of the material facts surrounding Plaintiff's wage claims, but both sides negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount. Moreover, the settlement was only achieved after a Court-annexed mediation with all parties present before highly-qualified and experienced EDNY mediator James A. Brown.

## II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 7 of the Settlement Agreement is appropriately tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiff and Defendants, and the Release is not overbroad such that there is a concern that Plaintiff is releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III. Distribution to Plaintiff and Requested Attorneys' Fees and Expenses

### a. Distribution to Plaintiff

The parties agreed to a global settlement of $120,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiff will recover $78,764.00 after the requested attorneys' fees and expenses.

### b. Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $1,855.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on all Defendants: $466.00
- the costs of Court-annexed mediation: $987.00

Additionally, Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($118,145.00), or $39,381.00 in attorneys' fees, as agreed upon in Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $41,236.00.

As such, the settlement funds as broken down into its component parts is as follows:

**Settlement Amount:** $120,000.00
**Attorneys' Expenses:** $1,855.00
**Net Settlement Amount:** $118,145.00 ($120,000.00 - $1,855.00)
**Requested Attorneys' Fees:** $39,381.00 ($118,145.00 / 3)
**Total payable to Attorneys:** $41,236.00 ($39,381.00 + $1,855.00)
**Total payable to Plaintiff:** $78,764.00 ($120,000.00 - $41,236.00)

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

### IV. Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel through the Court-annexed mediation program and complies with the applicable case law under *Cheeks*. As such, we respectfully request that the Court approve the Settlement Agreement and dismiss the action. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.